OPINION
{¶ 1} Defendant-appellant MAC Construction, Inc.[hereinafter appellant] appeals the December 21, 2001, Judgment Entry of the Delaware County Court of Common Pleas which granted plaintiff-appellee Capital City Financial Group, Inc.'s Motion for Summary Judgment and denied appellant's Motion for Summary Judgment.
 STATEMENT OF THE FACTS AND CASE {¶ 2} This case arose from the sale of an accounts receivable. Previously, appellant and Imperial Plumbing, Inc.[hereinafter Imperial Plumbing] entered a contract under which appellant owed amounts to Imperial Plumbing. In exchange, Imperial Plumbing was to perform services for appellant. Plaintiff-appellee, Capital City Financial Group, Inc., [hereinafter appellee] is engaged in the business of factoring accounts receivable.[1] As a factor, appellee advances funds to its clients or customers and is assigned the accounts receivable of those customers. Imperial Plumbing is a customer of appellee. Imperial Plumbing assigned its accounts receivable, including appellant's account, to appellee.
 {¶ 3} In August, 1999, Imperial Plumbing sent a notice to appellant. In that notice, Imperial Plumbing informed appellant that Imperial Plumbing accounts receivables would be assigned to and processed through appellee. The notice stated that appellant was thereby "informed all checks and payments are to be made payable to Capital City Financial Group, Inc. . . ." Further, appellant was notified that appellant should "continue to make payments accordingly until you are notified in writingby Capital City Financial Group, Inc. of any change. . . ."
 {¶ 4} Beginning March 31, 2000, appellant received forms from appellee which stated "please be informed all checks and payments are to be made payable to Capital City Financial Group, Inc. . . ." Further, the form stated that the assignment was governed by the Uniform Commercial Code and that appellant should make the proper changes to their records and accounts payable process/data base. The forms contained a place for a representative of appellant to sign, which was entitled "verifying officer's name." In addition, the form stated "the following invoices from Imperial Plumbing Co. are approved for payment without offsets, discounts, or abatements:" followed by specific invoice numbers, invoice dates and invoice amounts. The form requested that the form be faxed back "as soon as possible."
 {¶ 5} Appellee's forms were signed by Laurie C. McEnery. McEnery was appellant's corporate secretary.
 {¶ 6} On April 23, 2001, appellee filed a Complaint against appellant asserting that appellee had purchased and was assigned various accounts receivable of Imperial Plumbing, including some of the accounts receivable involving work that Imperial Plumbing had performed for appellant. Appellee alleged that appellant had failed to make payment on those debts despite demands for payment. On May 22, 2001, appellant filed an Answer in which, among other claims, appellant claimed that appellee was barred from recovery by Imperial Plumbing's breach of contracts. Appellant alleged that Imperial Plumbing did not perform its work under the contracts. Appellant alleged that due to Imperial Plumbing's breaches, appellant had to purchase materials and expend its own resources to complete the work that Imperial Plumbing was to have performed. According to appellant, appellant spent more than the amount of the accounts receivable claimed by appellee to complete the contracted work.
 {¶ 7} On October 31, 2001, appellee filed a Motion for Summary Judgment in which it claimed that appellant's contract defenses were ineffective against appellee and that appellee was entitled to judgment as a matter of law. On November 9, 2001, appellant responded by filing a combined Motion for Summary Judgment and Memorandum in Opposition to appellee's Motion for Summary Judgment. Appellant asserted that appellee's motion should be overruled and its own motion granted because (1) appellee as an assignee, was subject to all the contract defenses that appellant could assert against Imperial Plumbing, the assignor; (2) no enforceable contract existed by which appellant had waived its right to assert contractual defenses; and (3) no factual dispute existed regarding Imperial Plumbing's failure to perform under the contract and appellant's expenditure of money as a result of Imperial Plumbings failures.
 {¶ 8} On December 21, 2001, the trial court issued a Judgment Entry which granted appellee's Motion for Summary Judgment and denied appellant's Motion for Summary Judgment. In general, the trial court relied upon R.C. 1309.17 to hold that appellant had agreed to the invoices presented by appellee when appellant's corporate secretary signed the forms acknowledging that the amounts due under the various invoices were "approved for payment without offsets, discounts, or abatements." The trial court further found that appellee paid valuable consideration for the rights to the accounts receivable and, as a result, had the legal right to those receivables.
 {¶ 9} It is from the December 21, 2001, Judgment Entry that appellant appeals, raising the following assignments of error:
 {¶ 10} "I. THE COURT OF COMMON PLEAS ERRED IN ITS JUDGMENT ENTRY IN FINDING THAT APPELLANT HAD WAIVED AND WAS NOT ENTITLED TO ASSERT ITS CONTRACT DEFENSES AGAINST APPELLEE, AS ASSIGNEE.
 {¶ 11} "II. THE COURT OF COMMON PLEAS ERRED IN ITS JUDGMENT ENTRY IN NOT FINDING IN FAVOR OF APPELLANT ON ITS CONTRACT DEFENSES."
 {¶ 12} Both of appellant's assignments of error concern summary judgment issues. Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 36, 506 N.E.2d 212. As such, we must refer to Civ.R. 56(C) which provides, in pertinent part: "Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor."
 {¶ 13} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that affirmatively demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates that the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating that there is a genuine issue of material fact for trial. Vahila v. Hall,77 Ohio St.3d 421, 429, 1997-Ohio-259, 674 N.E.2d 1164 (citing Dresherv. Burt (1996), 75 Ohio St.3d 280, 662 N.E.2d 264). It is subject to this standard of review that we address appellant's assignments of error.
 I {¶ 14} In the first assignment of error, appellant argues that the trial court's grant of summary judgment in favor of appellee was error because the trial court erroneously found that appellant could not assert contract defenses against appellee, as assignee of the accounts receivable. We agree.
 {¶ 15} Chapter 1309 of the Ohio Revised Code applies to the assignment of accounts receivable.[2] Revised Code 1309.37 states the following:
 {¶ 16} "(A) Unless an account debtor has made an enforceable agreement not to assert defenses or claims arising out of a sale as provided in section 1309.17
of the Revised Code, the rights of an assignee are subject to:
 {¶ 17} "(1) all the terms of the contract between the account debtor and assignor and any defense or claim arising therefrom. . . .[3]
 {¶ 18} Therefore, appellant, the account debtor, would retain the right to assert contract defenses against appellee, the assignee, unless appellant has entered a contract pursuant to R.C. 1309.17.[4] Appellee contends that the appellant did enter such a contract with appellee, pursuant to R.C. 1309.17. Revised Code 1309.17 states the following:
 {¶ 19} "(A) Subject to any statute or decision which establishes a different rule for buyers or lessees of consumer goods, an agreement by a buyer or lessee that he will not assert against an assignee any claim or defense which he may have against the seller or lessor is enforceable by an assignee who takes his assignment for value, in good faith, and without notice of a claim or defense . . ."
 {¶ 20} Revised Code1309.17 is somewhat ambiguous as to with whom a buyer is to enter a 1309.17 contract. However, we are persuaded that such a contract is intended to be between a buyer, such as appellant, and a seller, such as Imperial Plumbing. The Commentary to R.C. 1309.403, analogous to R.C. 1309.17, states that the section "generally validates an agreement between an account debtor and an assignor that the account debtor will not assert against an assignee claims and defenses that it may have against the assignor." Commentary to R.C. 1309.403 (the newly adopted statute analogous to R.C. 1309.17); See Karmich Invest. Group,Inc. v. W.M.R. Restaurant Corp. (1993), 86 Ohio App.3d 479, 482-483;621 N.E.2d 561; Uniform Commercial Code Series, Westgroup, 2001, sec. 9-206:1. Revised Code 1309.37 and 1309.17 codify common law under which an assignee stood in the same position as the assignor, unless the obligor agreed in advance that he would waive any claim or defense that he might have against the assignor. Uniform Commercial Code Series, Volume 8, Article 9, Secure Transactions, Section 9-101 to Section 9-208, Sec. 9-206:1, 9-1253.
 {¶ 21} The alleged contract by which appellee contends appellant agreed to waive any contractual defenses is between appellant, the buyer, and appellee, the assignee. There is no such contract to waive defenses alleged to be between appellant and Imperial Plumbing, the seller. Therefore, since R.C. 1309.17 contemplates waivers in contracts between buyers and sellers, not buyers and assignees, we find that appellant has not entered into a contract to waive contractual defenses pursuant to R.C. 1309.17.
 {¶ 22} However, even though R.C. 1309.17 would not be applicable, it is possible that an agreement between appellant and appellee could be enforceable, even if not expressly delineated by statute. The question becomes whether there is an enforceable contract created by the forms verifying the accounts which were signed by appellant's corporate secretary.
 {¶ 23} To prove the existence of a contract, a party must establish the essential elements of a contract: an offer, an acceptance, a meeting of the minds, an exchange of consideration, and certainty as to the essential terms of the contract. Nilavar v. Osborn (1998),127 Ohio App.3d 1, 11, 711 N.E.2d 726. In this case, appellant contends that there was no consideration exchanged. We agree.
 {¶ 24} "Consideration may consist of either a detriment to the promisee or a benefit to the promisor." Brads v. First Baptist Church
(1993), 89 Ohio App.3d 328, 336, 624 N.E.2d 737. "A benefit may consist of some right, interest, or profit accruing to the promisor, while a detriment may consist of some forbearance, loss or responsibility given, suffered or undertaken by the promisee." Id. "The benefit or detriment must be something intended by the parties as such; it cannot be something merely incidental to the contract." Nilavar, 127 Ohio App.3d at 15.
 {¶ 25} The forms signed by appellant's corporate secretary contain no indication of an exchange of consideration. Further, appellee makes no assertion that consideration exists.[5] Since no consideration was exchanged, we find that there was no enforceable agreement between appellant and appellee whereby appellant waived its right to raise contractual defenses.
 {¶ 26} For the foregoing reasons, we find that the grant of summary judgment in favor of appellee was inappropriate. Appellant's first assignment of error is sustained.
 II {¶ 27} In the second assignment of error, appellant argues that the trial court should have granted summary judgment in favor of appellant. We disagree.
 {¶ 28} The trial court denied appellant's motion for summary judgment because it found that appellant could not assert the contract defenses against the appellee. Appellant contends that if this court agrees that appellant may assert contractual defenses against the appellee's claims, then appellant is entitled to a grant of summary judgment. Appellant argues that it presented an Affidavit whereby it demonstrated that Imperial Plumbing breached its contracts with appellant and that as a result, appellant had to purchase supplies and complete work that was to have been performed by Imperial Plumbing. Therefore, appellant contended that it was entitled to a set off and to recoup the money it spent as a result of Imperial Plumbing's breaches. According to an Affidavit submitted by appellant, appellant spent more money due to Imperial Plumbing's breaches than the amount of the accounts receivables sought by appellee.
 {¶ 29} Appellant correctly asserts that appellee has not presented any evidence to rebut appellant's assertions in the Affidavit. However, appellee contends that the evidence presented by appellant is insufficient to support a grant of summary judgment. Appellee argues that the affidavit is not based on personal knowledge of facts which would support the allegation that appellant has contractual defenses.
 {¶ 30} Appellant presented the affidavit of Laurie McEnery as evidence in support of appellant's Motion for Summary Judgment. In the affidavit, McEnery states the following:
 {¶ 31} "4. At various times after I was instructed to sign and did sign documents presented to me by CCFG relative to certain Imperial accounts, I learned that Imperial was not properly and fully performing its obligations on the projects, identified above. Ultimately, I learned that Imperial failed to properly and fully perform on all of the projects. As a result, MAC had no choice but to purchase materials directly from suppliers and expend its own resources to compete the work that Imperial was to have performed. . . .
 {¶ 32} After considering any credits for amounts to Imperial or CCFG and setoffs for the charges incurred as a result of MAC having to complete the plumbing work on the projects, MAC is still owed the sum of $2,046.00." (Emphasis added.)
 {¶ 33} As stated previously, "summary judgment shall not be rendered unless it appears from such evidence or stipulation and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in the party's favor." Civ.R. 56(C). Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden demonstrating that there is no genuine issue of material fact. The moving party must specifically point to some evidence of the type listed in Civ.R. 56, supra., which affirmatively demonstrates that the non-moving party cannot support its claim. Only if the moving party satisfies this requirement, does the burden shift to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421, 429 (citing Dresher v.Burt (1996), 75 Ohio St.3d 280).
 {¶ 34} Since appellee presented no evidence to contradict McEnery's affidavit, the sole issue is whether McEnery's affidavit is sufficient to shift the burden to appellee to show a genuine material issue of fact. If it is, appellee has failed to create a genuine issue of material fact and summary judgment would have been appropriate.
 {¶ 35} We agree with appellee that McEnery does not state that she has personal knowledge that Imperial Plumbing breached its contracts with appellant. McEnery states that she learned of the breaches. The use of the word "learned" infers that McEnery learned of the breaches from another source. Andrews v. Scott Pontiac Cadillac GMC Inc. (June 2, 1989), Sandusky App. No. S-88-37 (as corrected June 9, 1989); See alsoBlack v. McLaughlin (Dec. 19, 1985), Richland App. No. CA-2338. "[Such] information would be hearsay and not admissible in evidence as required by Civ.R. 56(E). Id.
 {¶ 36} We find that there remains a genuine issue of material fact as to whether Imperial Plumbing breached its contracts with appellant. We, therefore, overrule appellant's second assignment of error.
 {¶ 37} The judgment of the Delaware County Court of Common Pleas is hereby affirmed, in part, and reversed, in part, and the matter is remanded for further proceedings consistent with this opinion.
By Edwards, J., Hoffman, P.J. and Gwin, J. concur.
Topic: Waiver of Defenses in assignment of accounts receivables
[1] "Factoring" is defined as the "[s]ale of accounts receivable of a firm to a factor at a discounted price. The purchase of accounts receivable from a business by a factor who thereby assumes the risk of loss in return for some agreed discount." Black's Law Dictionary 592 (Sixth Edition, 1990).
[2] This Chapter of the Revised Code has been repealed, and re-issued consistent with recent changes in the Uniform Commercial Code. The new version of Chapter 1309 became effective July 1, 2001. However, the former versions of these sections apply to this case.
[3] The analogous new statute is found at R.C. 1309.404.
[4] The analogous new statute is found at R.C. 1309.403.
[5] Appellee argues that consideration is not necessary under the express terms of R.C. 1309.17. Since R.C. 1309.17 is not applicable to the alleged contract between appellant, the buyer and appellee, the assignee, appellee's argument fails. Thus, this Court need not address whether consideration is required under R.C. 1309.17 since R.C. 1309.17
is inapplicable to the alleged agreement between appellant and appellee.